ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 MAR -1  AM 11:57

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

NO. 3:17-CR-00546-L

GAO MEI FANG
a/k/a "AMY GAO" (4)

## PLEA AGREEMENT

Gao Mei Fang a/k/a Amy Gao, the defendant, Robert M. Burns and Lawrence C. Hill, the defendant's attorneys, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

   a.    to plead not guilty;

   b.    to have a trial by jury;

   c.    to have the defendant's guilt proven beyond a reasonable doubt;

   d.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

   e.    against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offenses alleged in Counts One and Three of the indictment, charging, respectively, violations of 18 U.S.C. § 1341, mail fraud; and 18 U.S.C. § 545, smuggling. The defendant understands the nature and elements of the crimes to which

the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.    **Sentence**:  The maximum penalties the Court can impose include:

a.    imprisonment for a period not to exceed twenty years on Count One; and imprisonment for a period not to exceed twenty years on Count Three;

b.    a fine not to exceed $250,000 on Count One, or twice any pecuniary gain to the defendant or loss to the victim(s); and a fine not to exceed $250,000 on Count Three, or twice any pecuniary gain to the defendant or loss to the victim(s);

c.    a term of supervised release of not more than five years on Count One and five years on Count Three, which may be mandatory under the law and will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d.    a mandatory special assessment of $100 for Count One; and a mandatory special assessment of $100 for Count Three, for a total of $200;

e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f.    costs of incarceration and supervision; and

g.    forfeiture of property.

4.    **Immigration consequences**:  The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of

crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Guidelines recommendations:** The government and the defendant agree that, although not binding on the probation office or the Court, they will jointly

recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base offense level:</u> That the base offense level is 7 under Section 2B1.1(a)(1) of the Sentencing Guidelines.

    b. <u>Loss:</u> That the relevant amount of intended loss is more than $250,000, but not more than $550,000, resulting in an offense level increase of 12 under Section 2B1.1(b)(1)(G) of the Sentencing Guidelines.

    c. <u>Location of fraudulent scheme</u>: That a substantial part of the fraudulent scheme was committed from outside of the United States, resulting in an increase of 2 offense levels under Section 2B1.1(b)(10)(B) of the Sentencing Guidelines.

    d. The government and the defendant agree that if the probation office or the Court disagree with the above recommendation, the plea agreement shall still be binding on the parties, and the defendant will not be allowed to withdraw the defendant's plea.

7.    **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $200, in satisfaction of the mandatory special assessment in this case.

8.    **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office

regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

9.     **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and the United States Department of Justice Consumer Protection Branch and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10.     **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads. In such event, the defendant shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any such statements made by or on behalf of the defendant prior or subsequent to this Plea Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible. The defendant understands and agrees that if she withdraws her guilty plea, any statements she makes in the course of her guilty plea or in connection with this Plea Agreement, including a factual basis in support of the plea, are admissible against her for any purpose in any U.S. federal criminal proceeding.

11.     **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.     **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the

parties at any time before the guilty plea is entered in court.  No promises or

representations have been made by the United States except as set forth in writing in this

plea agreement.

AGREED TO AND SIGNED this 26 day of February, 2018.

ERIN NEALY COX
UNITED STATES ATTORNEY


KATE RUMSEY
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24081130
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8600
kathryn.rumsey@usdoj.gov


PATRICK R. RUNKLE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
Telephone:  202-532-4723
patrick.r.runkle@usdoj.gov


KATHERINE MILLER
Deputy Section Chief


I have read or had read to me this plea agreement and have carefully reviewed
every part of it with my attorneys.  I fully understand it and voluntarily agree to it.


Gao, Mei Fang                          Feb. 25, 2018

**Plea Agreement—Page 8**

GAO MEI FANG                          Date
Defendant


      We are the defendant's attorneys.  We have carefully reviewed every part of this plea agreement with the defendant.  To our knowledge and belief, our client's decision to enter into this plea agreement is an informed and voluntary one.


_Robert M Burns_                      _Feb. 25, 2018_
ROBERT M. BURNS                       Date
Attorney for Defendant



LAWRENCE C. HILL                      Date
Attorney for Defendant

GAO MEI FANG                          Date
Defendant


     We are the defendant's attorneys.  We have carefully reviewed every part of this plea agreement with the defendant.  To our knowledge and belief, our client's decision to enter into this plea agreement is an informed and voluntary one.



_____          _____
ROBERT M. BURNS                           Date
Attorney for Defendant


_____          _____2/26/2018_____
LAWRENCE C. HILL                          Date
Attorney for Defendant